823 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jane ROE, Plaintiff-Appellant,
v.
COUNTY OF FAIRFAX, VIRGINIA; Edward Sterling, Director of
Department of Social Services, Defendant-Appellee,
and
Residential Youth Services, Inc., a Virginia Corporation;
Valerie Delaney, Defendants.
 No. 86-3613
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided July 2, 1987.
 
 Kenneth E. Labowitz, for appellant.
 John David McGavin (Lewis, Tydings & Trichilo, P.A., on brief), for appellee.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action was brought, pursuant to 42 U.S.C. Sec. 1983 (1984), by a woman who was assaulted while in the custody of the Department of Social Services. She has sued the County of Fairfax, Va., Residential Youth Services, Inc., the Director of the Department of Social Services of Fairfax County and Valerie Delaney, a counselor at the home in which plaintiff was placed. At issue is whether her allegations will support a constitutional violation or the complaint merely states an action for negligence as found by the district court.
 
 
 2
 Appellant Jane Roe, age eighteen, was declared a Child In Need of Services by the Juvenile and Domestic Relations Court of Fairfax County, Virginia. She was remanded into the custody of the Fairfax County Department of Social Services. The Department placed her into a group home operated by Residential Youth Services, Inc., a non-profit corporation which operates such homes for boys and girls in Northern Virginia.
 
 
 3
 Reading Roe's complaint in the light most favorable to her, it is alleged that in the early morning hours of June 10, 1984, an unknown intruder entered the home through an open window and raped Roe. There had, apparently, been complaints of a peeping tom and of trespassers on the grounds of the home, but there had been no prior illegal entry or assault.
 
 
 4
 Roe also alleges that she enjoyed a 'special relationship' with the defendants which imposed upon them an affirmative duty to provide for her personal safety, and that by leaving a window open the defendants had breached that duty. The defendants moved for a dismissal, arguing that the plaintiff had failed to state a claim for which relief could be granted. The district court granted the motion, reasoning that even if the defendants owed an affirmative duty to Roe, the failure to close and lock the window amounted to no more than simple negligence, and thus was not actionable under Sec. 1983.
 
 
 5
 On appeal Roe argues at length about her 'special relationship' with the state which imposes upon an affirmative duty to her. It is well recognized that the state has an affirmative duty to protect those incarcerated in its prisons, Estelle v. Gamble, 429 U.S. 97 (1976). This affirmative duty has been expanded, in some cases, beyond the prison walls. Jensen v. Conrad, 747 F.2d 185 (4th Cir. 1984). Roe tries to equate this affirmative duty with strict liability; she argues as though she need only prove the existence of the duty and the fact of her injury. But this is not sufficient under Sec. 1983.
 
 
 6
 Assuming arguendo that such an affirmative duty existed, Roe cannot recover because the failure to close and lock the window amounts to no more than negligence, which does not give rise to a constitutional tort. Daniels v. Williams, 474 U.S. 327 (1986). The facts as alleged simply do not present the deliberate indifference to real and immediate harm which is required to establish a constitutional violation. Estelle v. Gamble, supra. The decision of the district court is, therefore,
 
 
 7
 AFFIRMED.